UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| RICKEY MINOR, | |
| Plaintiff, | Civil Action No. 09-72-HRW |
| v. | |
| BRIAN C. MCCLOUD, ET AL., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Plaintiff Rickey Minor is a resident of Flatwood, Kentucky. Minor has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 1] and the Court has granted his application to proceed *in forma pauperis*. [R. 2]

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Minor is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious; (b) fails to state a claim upon which relief can be granted; or (c) seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

**I.     Background**

The documents attached to Minor's Complaint indicate that during Summer 2008 Minor was charged with Sexual Abuse Third Degree in violation of KRS 510.130 for allegedly having sexual contact with a 15-year old girl on or about July 11, 2008. *Commonwealth v. Minor*, 08-CR-320, Greenup Circuit Court. Minor's Complaint indicates his desire to file criminal charges against the named defendants, each of whom appears to be a judge, prosecuting or defense attorney, law enforcement officer or complaining witness in the criminal proceedings against him. The factual basis for the charges Minor wishes to pursue is less clear: he appears to allege that adult "entertainers" enrolled in local junior high and high schools under false names to engage in sexual acts, and that when he informed the defendants of these facts, this information and his request that they investigate was ignored. Minor further asserts that the defendants were aware of his attempts to investigate this misconduct at the schools, but nonetheless wrongly charged him with criminal activity. It is unclear whether the criminal proceedings against Minor have concluded.

**II.    Discussion**

Minor's Complaint must be dismissed for failure to state a cognizable claim on several grounds. First, to the extent Minor seeks to assert federal or state criminal charges against the named defendants, he lacks standing to do so. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Oguaju*, 76 F.App'x 579, 581 (6th Cir. 2003) (district court properly dismissed claim filed pursuant to 18 U.S.C. §§ 241 and 242 because

citizen has no private right of action under criminal statutes). Only public officials expressly granted the authority by law to file criminal charges may do so.

Second, if the Court construes his Complaint as an effort to assert civil rights claims under 42 U.S.C. § 1983, such claims would have to be dismissed as prematurely brought. Minor's Complaint does not make clear whether he has been convicted of the criminal charges filed against him. If Minor has been convicted of the sexual abuse charge, he must obtain reversal of that criminal conviction in the state courts before he may assert civil rights claims arising out of his prosecution, because his claim - that the complaining witness was not a minor - would by its terms indicate that the conviction is invalid. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Reese v. Gorcyca*, 55 Fed.Appx. 348, 350 (6th Cir. 2003). Until he does so, any cause of action under the civil rights laws has yet to accrue. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397-98 (6th Cir. 1999); *Manthey v. Kessler*, 2003 WL 22434560 (6th Cir. 2003) (affirming *sua sponte* dismissal upon initial screening of civil rights claims barred by *Heck*); *Woods v. Ohio*, 2001 WL 493406 (6th Cir. 2001) (affirming district court's dismissal of complaint which failed to allege reversal of conviction without granting leave to amend).

Finally, if Minor has not been convicted and the criminal proceedings are still ongoing in the state court, due respect for the jurisdiction of the state court requires this Court to decline to exercise subject matter jurisdiction in favor of the ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001). The claims that Minor assert here are grounds that could and should be pursued before the trial court to challenge the charge against him on the merits.

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy.").

### III.  CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1. Plaintiff's Complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

This August 26, 2009.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge